ANGUS FERGUSON, plaintiff in error, *vs.* THE NEW MANCHESTER MANUFACTURING COMPANY, defendant in error.

Where an affidavit of taxes paid, as is required by the Act of October 13, 1870, was filed within the time prescribed, but the affidavit failed to say that "the plaintiff expected to prove the same on the trial:"
*Held*, That the affidavit is amendable at the trial.

Relief Act of 1870. Tax affidavit. Amendment. Before Judge WRIGHT. Douglass Superior Court. April Term, 1872.

Angus Ferguson brought assumpsit to the October Term, 1871, of Douglass Superior Court, against the New Manchester Manufacturing Company on several notes made before June 1st, 1865. When said cause was called for trial, counsel for defendant moved to dismiss the same, on the ground that the affidavit as to the payment of the taxes, filed by plaintiff, did not state that he expected to prove on the trial that the taxes on the claims, which were the foundation of said action, had been duly given in and paid, as required by law. Plaintiff proposed to amend said affidavit to meet the objection made by the defendant. The Court held said affidavit to be fatally defective, and that the same could not be amended, and directed that the suit be dismissed. Whereupon, plaintiff excepted, and assigns said ruling as error.

COLLIER, MYNATT & COLLIER; POPE & BROWN, for plaintiff in error, submitted the following brief: 1. An affi-

davit as to payment of taxes is pleading; all pleadings are amendable: Code, sec. 3429.   2.   There was no plea or demurrer made in the Court below, on the ground that the demand was barred by the statute of limitations.   This Court will not now consider objections on that ground: 6 Ga. R., 207; 9 *Ibid.*, 9; 16 *Ibid.*, 49; 18 *Ibid.*, 534; Const., Art. V., sec. 2., part 2.

WILLIAM EZZARD, for defendant.

McCAY, Judge.

We think this affidavit amendable.   The substance of the Act is complied with in the original affidavit.   It is mere matter of form that is proposed to be supplied.   The affidavit is not here the foundation of the proceeding, in the sense of *section 3453 of the Code.*

Judgment reversed.